

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable R. J. Hughes
District Attorney
San Angelo, Texas

Dear Sir:

Opinion No. 0-5684
Re: Under the facts submitted,
is Tom Green County with-
out any laws regulating
fish?

We have given careful consideration to your request
of this department for an opinion upon the captioned question.
It appears that the reason behind your submission of this re-
quest is the effect that Sections 8 and 9 of the Acts of the
47th Legislature, Chapter 512, page 830, have upon the fish
laws in force in Tom Green County at the time this Act became
effective.

We quote from this Act as follows:

"Section 1. The provisions of this Act shall
apply only to the County of Tom Green, State of
Texas.

"Sec. 2. It shall be unlawful to transport
any minnows from Tom Green County for the purpose
of sale, or for anyone to transport out of said
County for any purpose more than two hundred (200)
minnows, in any one day, captured in said County.

"Sec. 3. It shall be unlawful for any person
to use any trotline or throw line with more than
twenty-five (25) hooks thereon, and any individual
or group of individuals, in the same party, is
limited to two such lines of twenty-five (25) hooks
each, or an aggregate of fifty (50) hooks, whether
used on two or more lines.

"Sec. 4. It shall be unlawful from February 15th to April 30th, inclusive, of each year for any one to take or attempt to take, from any of the waters of Tom Green County, any fresh water fish, except suckers, carp, and gar, which said suckers, carp, and gar may be taken during the time specified above by the use of wire loop only.

"Sec. 5. It shall be unlawful in the County of Tom Green for any person to take or have in his possession any catfish less than eleven (11) inches in length.

"Sec. 6. It shall be unlawful in the County of Tom Green for any person to take in any one day or to have in his possession at any one time more than fifteen (15) catfish.

"Sec. 7. Any person violating any provision of this Act shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than Five Dollars ($5) nor more than Fifty Dollars ($50).

"Sec. 8. The provisions of this Act shall expire June 1, 1943.

"Sec. 9. All laws or parts of law in conflict herewith are hereby repealed."

We have been unable to find any local fishing law pertaining to Tom Green County that is now in effect or that was in effect at the time of the passage of this Act. Consequently, the said Act does not have any effect whatsoever upon any local fish laws. Our concern is therefore directed as to what effect it has upon the general fish laws of this State.

We have found no general statutes on the number of minnows one may take per day, or the number of hooks one may use on a trot or throw line, or the size and number of catfish that may be taken. In fact, an examination of the statutes has disclosed only two general statutes upon any part of

Honorable R. J. Hughes, page 3

the subject matter covered by this Act of the 47th Legislature; this being upon the matter of closed seasons.

Article 933 of the Penal Code provides for a closed season on bass and crappie during March and April. Article 933½a provides for a closed season on rainbow trout during the months of January, February, March, April and May. It will be noticed that Section 4 of the Act under consideration declares a closed season on all fish except suckers, carp and gar from February 15th to April 30th.

The rule seems to be that where there are two statutes covering the same subject, one general and one special, the special statute will control, not upon the theory of repeal, but upon the broad rule that all parts of the Act or statutes must stand if possible, and that the intention of the Legislature is more clearly reflected by the special statute than the general one. Both are permitted to stand, the special statute being treated as though it were a proviso excepting something from the general rule. In other words, both statutes stand, each applying in its proper place. See Fortinberry v. State, 283 S. W. 146; Hunt v. Atkinson, 12 S. W. (2d) 142. It follows that when the special statute expires, the general law again prevails. Therefore, the special law here under consideration was controlling until it expired by its own terms, but thereafter, the general laws regulating the taking of fish govern in Tom Green County.

Based on the foregoing, it is our opinion and you are so advised that all general laws regulating the taking of fish from the fresh water streams of Texas now apply to Tom Green County and have so applied since June 1, 1943.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Robert O. Koch
Robert O. Koch
Assistant

APPROVED
OPINION
COMMITTEE
By A. W.
CHAIRMAN

ROK:db